IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FRANCES LEAK                                                               PLAINTIFF

VS.                                       CIVIL ACTION NO.: 1:15cv007-SA-DAS

RUBY TUESDAY, INC.                                                        DEFENDANT

## NOTICE OF REMOVAL

TO:   Joe Caldwell                          Frances Leak, Plaintiff
      Alcorn County Circuit Clerk           c/o John Booth Farese, Esq.
      P.O. Box 430                          Farese, Farese & Farese, P.A.
      Corinth, MS 38835-0430                P. O. Box 98
                                            Ashland, MS 38603

      John Booth Farese, Esq.
      Farese, Farese & Farese, P.A.
      P. O. Box 98
      Ashland, MS 38603

YOU WILL PLEASE TAKE NOTICE that this Notice of Removal has been filed this day for and on behalf of Defendant Ruby Tuesday, Inc. (hereinafter "Defendant") in the United States District Court for the Northern District of Mississippi, Aberdeen Division. You are hereby served with a copy of this Notice of Removal of the cause to the United States District Court from the Circuit Court of Alcorn County, Mississippi, upon the grounds stated herein. Pursuant to this removal, you will proceed no further in said Circuit Court of Alcorn County, Mississippi, and you will be mindful of the provisions of 28 U.S.C. Section 1441, *et seq*. Please take notice hereof and govern yourselves accordingly.

As its short and plain statement of the grounds for removal of this civil action, Defendant would show unto the Court the following:

D0271894.1

1.

There is now pending in the Circuit Court of Alcorn County, Mississippi, a civil action styled *"Frances Leak v. Ruby Tuesday, Inc.,"* being Cause No.: CV14-331GA, on the docket of the Court. The civil action alleges that plaintiff suffered personal injuries due to Defendant's negligence. Defendant has filed an Answer to the Complaint, denying all allegations.

2.

Plaintiff states in her Complaint that she is resident of Benton County, Mississippi. Defendant is a corporation organized and existing under the laws of Georgia with its principle place of business in Maryville, Tennessee. The parties are citizens of different states, so there exists complete diversity of citizenship.

3.

In her Complaint, Leak stated that she was seeking damages not exceeding the sum of $74,500, which fell just below the "amount in controversy" required to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332. In light of discussions between the parties prior to suit being filed, Defendant propounded Requests for Admissions to Plaintiff, requesting that she admit, among other things, that she was not seeking an amount greater than $75,000, that she would never amend her complaint to seek an amount greater than $75,000, and that she would never accept a judgment greater than that amount. Plaintiff denied these Requests for Admissions on December 15, 2014. Plaintiff's Responses to Requests for Admissions are attached hereto as Exhibit "A."

4.

The federal removal statutes provide that,"[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3). The statute continues, "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)." 28 U.S.C § 1446(c)(3).

5.

When the defendant is concerned that a plaintiff has pled an amount less than $75,000 to avoid federal jurisdiction, the "preferred approach" to ascertain the actual amount in controversy is to request that "the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $ 75,000." *See McClain v. American International Recovery, Inc.* 1 F. Supp. 2d 628, 631-32 (S.D. Miss. 1998). "It is now axiomatic that when a plaintiff fails to admit or stipulate that he will not accept more than $ 75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $ 75,000 and that the federal diversity jurisdictional amount is therefore satisfied." *Easley v. Lowe's Home Ctrs., Inc.*, 2007 WL 2127281 (N.D. Miss. July 23, 2007) (Davidson, J.); *see also e.g., Sprayberry v. Hardee's Food Sys.*, 2007 WL 2159305 (N.D. Miss. July 26, 2007) (Pepper, J.).

6.

The Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, *et. seq.* The case involves a dispute between citizens of different states, and plaintiff's Responses to Defendant's Requests for Admissions establish that the amount in controversy is greater than $75,000.

7.

Removal is timely under 28 U.S.C § 1446 because this Notice of Removal is filed within thirty days from the date plaintiff served her Responses to Defendant's Requests for Admissions, from which is was "first ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3).

8.

A certified copy of the entire State court file in Cause No. CV14-331GA in the Circuit Court of Alcorn County, Mississippi, is attached hereto as Exhibit "B."

9.

Defendant, upon the filing of this Notice of Removal, has given notice to plaintiff, through her attorney, of the filing of said Notice of Removal of the civil action, and simultaneously therewith, Defendant has filed a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of Alcorn County, Mississippi, together with the exhibits thereto, all in compliance with 28 U.S.C. § 1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Notice of Removal be received and filed, and that the said Circuit Court of Alcorn County, Mississippi, proceed no further herein. Defendant further prays for all necessary writs to bring before this Honorable Court all records and proceedings in the said Circuit Court of Alcorn County, Mississippi, and Defendant prays for such other, further, special and general relief as they are entitled to receive.

Respectfully submitted,

RUBY TUESDAY, INC.

BY: _____
OF COUNSEL

WILTON V. BYARS, III - BAR # 9335
wbyars@danielcoker.com
PHILIP M. LEVY - BAR # 103900
plevy@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
P. O. BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2015, I filed the foregoing document with the Clerk of the Court and sent notification of such filing to the following parties via U.S. Mail:

>Mr. Joe Caldwell
>Alcorn County Circuit Clerk
>P.O. Box 430
>Corinth, MS 38835-0430
>
>John Booth Farese, Esq.
>Farese, Farese & Farese, P.A.
>P. O. Box 98
>Ashland, MS 38603
>
>Frances Leak, Plaintiff
>c/o John Booth Farese, Esq.
>Farese, Farese & Farese, P.A.
>P. O. Box 98
>Ashland, MS 38603

This, the 8th day of January, 2015.

BY: _____
WILTON V. BYARS, III

D0271894.1

5