## IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

FRANCES LEAK                                                      PLAINTIFFS

vs.                                 Civil Action Number CV14-331GA

RUBY TUESDAY, INC.                                        DEFENDANTS

### COMPLAINT
*(Jury Trial Demanded)*

COMES NOW the Plaintiff, FRANCES LEAK, acting by and through the undersigned attorney, and brings this complaint against Defendant RUBY TUESDAY, INC., and for cause of action the Plaintiff would state and show unto this Honorable Court as follows, to-wit:

### PARTIES

1.

The Plaintiff, FRANCES LEAK, is an adult resident citizen of Benton County, Mississippi.

2.

The Defendant, RUBY TUESDAY, INC., is a corporation which is organized and existing under the laws of the State of Georgia and which has its principal place of business located in the State of Tennessee at 150 West Church Avenue, Maryville, Tennessee 37801. Defendant Ruby Tuesday, Inc. (which may hereinafter also be referred to as "Ruby Tuesday") may be served with process of this Court by service of same upon its registered

STATE OF MISSISSIPPI, COUNTY OF ALCORN
I, the undersigned Clerk of the Circuit Court of Alcorn County, Mississippi, hereby certify that the foregoing is a true, correct, and complete copy of the original Complaint on file in my office in Minute Book ___ at Page ___
Witness my hand and official seal of office this 19th day of December 20 14
JOE CALDWELL, Circuit Clerk  By: _____ D.C.

EXHIBIT "B"

FILED
AUG 1 2 2014
JOE CALDWELL, CIRCUIT CLERK
By: _____

agent, to-wit: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

3.

This complaint presents a civil cause of action for personal injuries and other damages suffered and sustained by the Plaintiff. The Plaintiff is seeking damages greater than the sum of Two Hundred Dollars ($200.00); therefore, the original jurisdiction of this action is within the circuit court pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, Annotated, as amended. The Plaintiff alleges that the incident which gives rise to the claim for damages occurred on or about August 23, 2011, upon the premises of the Ruby Tuesday restaurant located near the intersection of U.S. Highway 45 and U.S. Highway 45 in Alcorn County, Mississippi; therefore, pursuant to the provisions of Section 11-11-3 of the Mississippi Code of 1972, Annotated, as amended, a proper venue for this civil action is in Alcorn County, Mississippi.

## JURY TRIAL DEMANDED

4.

The Plaintiff, pursuant to Rule 38 of the MISSISSIPPI RULES OF CIVIL PROCEDURE, specifically demands that this civil action be tried before a jury as is the Plaintiff's right under Article 3, Section 31 of the MISSISSIPPI CONSTITUTION OF 1890, and under Amendment VII of the CONSTITUTION OF THE UNITED STATES.

## FACTS AND CAUSE OF ACTION

5.

The incident giving rise to this civil action is the accidental fall and subsequent injury of Plaintiff Frances Leak which occurred on Tuesday, August 23, 2011, in the parking lot of the Ruby Tuesday restaurant located near the intersection of U.S. Highway 45 and U.S. Highway 45 in Alcorn County, Mississippi.

6.

On Tuesday, August 23, 2011, the Plaintiff, Frances Leak, went to the Ruby Tuesday restaurant located near the intersection of U.S. Highway 45 and U.S. Highway 45 in Alcorn County, Mississippi, which is owned and operated by Defendant Ruby Tuesday, Inc. As the Plaintiff was walking from the parking area of the restaurant with the intention of entering the restaurant to dine, the Plaintiff tripped and fell, which caused the Plaintiff to suffer and sustain bodily injuries, including, but not limited to, a broken arm.

7.

At the time of the Plaintiff's injury, the Plaintiff was an invitee on the business premises of Defendant Ruby Tuesday and the Defendant owed to the Plaintiff a duty to keep the Defendant's premises reasonably safe, and to warn of any dangerous conditions that might not be readily apparent to business invitees, such as the Plaintiff. At the place where the Plaintiff tripped and fell, a concrete sidewalk changes height from the side of the sidewalk closest to the building to the side closest to the parking lot; the sideway is sloped away from the restaurant building toward the asphalt parking lot apparently designed to

accommodate handicapped individuals and allow their possible conveyances (such as wheelchairs, motorized chairs, walkers, etc.) to access the sidewalk next to the restaurant building. This sloped nature of the sidewalk extends the distance between two handicapped-reserved parking spaces next to the restaurant building. Also, an expanse of slopped asphalt extends from the edge of the sloped concrete sidewalk into the asphalt-surfaced parking lot, with one edge of the asphalt extension being uneven, and the combination of the slopped asphalt on the surface of the asphalt covered parking lot conceals and camouflages the uneven nature of the area and makes it extremely difficult to see the sloped nature of the surface and the uneven edge and thereby creates a tripping hazard. At the time of the Plaintiff's injury, because of the existence of the tripping hazard aforesaid, the Defendant's premise was not reasonably safe, and there were no signs, markings, paint, stripes, or other such device to alert or warn patrons, such as the Plaintiff, of the uneven nature of the area and/or of the likelihood that a person, such as the Plaintiff, could be tripped and caused to fall because of the condition created by the asphalt extension and the sloping sidewalk.

8.

The Plaintiff would state and show that Defendant Ruby Tuesday negligently breached the duty it owed to the Plaintiff to keep the Defendant's premises reasonably safe, and that Defendant Ruby Tuesday also negligently breached the duty the Defendant owed to the Plaintiff to warn of any dangerous conditions that might not be readily apparent to the Plaintiff, and this duty included a duty to warn the Plaintiff of the existence of the aforesaid tripping hazard creating by the sloped nature of the sidewalk and the asphalt extension and

its uneven edge. The said negligence and negligent acts of Defendant Ruby Tuesday is/are the proximate cause, or proximate contributing cause, of the Plaintiff's fall and of the bodily injuries suffered and sustained by the Plaintiff; therefore, Defendant Ruby Tuesday is liable to the Plaintiff for the Plaintiff's injuries, damages, and losses.

9.

The Plaintiff was not negligent in any way, and the Plaintiff did not do any act, or fail to do any act, which caused or contributed to the Plaintiff's fall and/or to the bodily injury suffered and sustained by the Plaintiff and/or to the injuries, damages, and losses suffered and sustained by Plaintiff Frances Leak.

## DAMAGES

10.

The Plaintiff would state and show unto this Honorable Court that the aforesaid negligence and/or acts of negligence by Defendant Ruby Tuesday, Inc., is/are the proximate cause, or the proximate contributing case, of the Plaintiff's fall and of the bodily injuries suffered and sustained by Plaintiff Frances Leak, and, therefore, Defendant Ruby Tuesday is liable to the Plaintiff for the Plaintiff's damages. The Plaintiff's injuries, damages, and losses include, but are not limited to, the following:

- A. Serious bodily injury and temporary and/or permanent physical impairment to Plaintiff Frances Leak;

- B. Great physical pain and suffering, and mental anguish, past, present and future to Plaintiff Frances Leak;

- C. Fright and shock caused by the accident;
- D. Medical expenses, past, present and future, including, but not limited to, expenses for treating physicians, follow-up medical care, future medical care, medicines and drugs;

- E. Trauma and mental and emotional distress suffered by the Plaintiff; and,

- F. Other injuries, damages, and losses directly and indirectly related and associated with the accident and resulting injury to Plaintiff Frances Leak.

## REQUEST FOR RELIEF

11.

WHEREFORE, PREMISES CONSIDERED, Plaintiff FRANCES LEAK respectfully requests and demands a judgment against Defendant RUBY TUESDAY, INC., in an amount to be fixed by a jury which is within the jurisdiction of this Court and which is reasonably calculated to fully compensate the Plaintiff for all of the Plaintiff's injuries, damages, and losses, but not exceeding the sum of $74,500.00. The Plaintiffs further respectfully requests and demands a trial by jury.

RESPECTFULLY SUBMITTED, this, the 8th day of August, 2014.

FRANCES LEAK, *Plaintiff*

By: _____
JOHN BOOTH FARESE (MS #5136)
*Attorney for Plaintiff*

John Booth Farese
Farese, Farese & Farese, P.A.
Post Office Box 98
Ashland, Mississippi 38603
Telephone: 662-224-6211
Facsimile: 662-224-3229
E-mail: jbooth@fareselaw.com