IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


ROBERT J. LEAK                                                                                    PLAINTIFF
*as the Administrator of the Estate of*
FRANCES LEAK

V.                                                                  CIVIL ACTION NO. 1:15-CV-7-SA-DAS

RUBY TUESDAY, INC.                                                                               DEFENDANT


MEMORANDUM OPINION

Frances Leak filed this cause of action alleging negligence and failure to warn after she was injured in a fall on the premises of the Defendant's restaurant. Frances Leak died on April 20, 2015. The Administrator of the Decedent's estate, Robert Leak was substituted as the Plaintiff in the case by a separate Order [24] of this Court. The Defendant filed a Motion for Summary Judgment [25] on all of the Plaintiff's claims. The briefing is complete, and the Court finds as follows:

*Factual and Procedural Background*

Around lunchtime on August 23, 2011, Frances Leak and her friend Becky Ritter drove to the Defendant's Ruby Tuesday restaurant in Corinth, Mississippi. Ritter parked in a designated space on the side of the restaurant. A concrete sidewalk runs across the front of the parking spaces, perpendicular to the parking direction. The two exited the vehicle, and as Ritter was crossing over in front of the vehicle, Leak fell across the sidewalk. She sustained various injuries and was transported to a local hospital for treatment.

Robert Leak, on behalf of Frances Leak's estate, now pursues this litigation against Ruby Tuesday. The Defendant requests summary judgment on all of the Plaintiff's claims.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075. Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E.,*

*L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Premises Liability*

The analysis of premises liability claims under Mississippi law requires a determination on three fronts: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood*, 556 F.3d at 275 (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (¶12) (Miss. 2004)). In the instant case, the parties agree the Plaintiff was a business invitee at the relevant times. "[A] business invitee [is] 'a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.'" *Kinstley v. Dollar Tree Stores, Inc.*, 63 F. Supp. 3d 658, 661 (S.D. Miss. 2014) (citing *Turner v. Entergy Miss., Inc.*, 139 So. 3d 115, 117 (¶7) (Miss. Ct. App. 2014)).

A premises owner owes invitees a duty of reasonable care, to "maintain its premises in a reasonably safe condition," but a premises owner is "not an insurer of the safety of invitees." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (¶15) (Miss. 2008); *Wood*, 556 F.3d at 275. This includes duties to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care, and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199–1200 (quoting *Gaines v. K–Mart Corp.*, 860 So. 2d 1214, 1216 (¶5) (Miss. 2003)). The breach of either duty supports a claim of negligence. *Id.* at 1200; *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (¶20) (Miss. 2005).

In order to prove breach in a slip-and-fall case, a plaintiff must:

> (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time

> to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Kinstley*, 63 F. Supp. 3d at 661 (quoting *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (¶8) (Miss. 2000)). Stated more simply, a plaintiff "cannot succeed on a premises-liability claim without showing either that the defendant created the dangerous condition or that the defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it." *Jones v. Imperial Palace of Mississippi, LLC*, 147 So. 3d 318, 322 (¶17) (Miss. 2014). In addition, "Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions. Often such pathways contain cracks and changes in elevation; and, as such, they do not become hazardous conditions simply because they contain minor imperfections or defects." *Jones v. Wal-Mart Stores E., LP*, No. 2014-CA-01826-COA, 2016 WL 1314531, at *4 (¶14) (Miss. Ct. App. Apr. 5, 2016) (gathering state and federal cases applying Mississippi substantive law).

*Discussion and Analysis*

In the instant case, the parties devote the majority of their briefing to disputing whether a dangerous condition existed. Because the Decedent died before she could be deposed, the only witness to her fall was Ritter. The Defendant argues that the Decedent tripped over the curb where the sidewalk and the asphalt paving meet. The Defendant further argues that a sidewalk curb free from defects is a usually and normally expected hazard, which is not unreasonably dangerous as a matter of Mississippi law. *See Jones*, 2016 WL 1314531, at *4; *Cox*, 755 F.3d at 234 (discussing the parameters of exclusions in Mississippi premises liability law for normally expected hazards). In support of their argument, the Defendant relies primarily on the deposition

4

testimony of Ritter, as well as two photographs of the scene.[1] Whether the curb was an unreasonably dangerous condition is not an issue in the instant case because the Plaintiff alleges that the Decedent did not trip on the curb.

The Plaintiff alleges that Leak tripped on crudely sloped asphalt in the parking lot adjacent to the sidewalk. The Plaintiff further alleges that the rough asphalt was an unreasonably dangerous condition, but has not presented any argument distinguishing the conditions alleged to be present in this case from those excluded as "normally encountered dangers." *See Jones*, 2016 WL 1314531, at *4; *Cox*, 755 F.3d at 234. Nor has the Plaintiff provided a causal link between any dangerous condition and the Decedent's fall. The Plaintiff relies primarily on the deposition testimony of Ritter.[2] In her deposition Ritter answers: "Q. Did you see Ms. Leak fall? [. . .] A. Not actually fall. She fell on me." Later, when questioned about the cause of Leak's fall, Ritter answers: "Q. Do you know what she tripped on? A. Not really, no." When questioned about the roughness of the asphalt, Ritter responds:

> Q. [. . .] I want to ask you about a rough spot. Now we didn't talk about a rough spot earlier.
> A. Well, that was on my side and I noticed that for myself.
> Q. Do you know whether there was a rough spot at all on Ms. Leak's side?
> A. What I noticed on her side was the drop, the step-up like the – you know, between the sidewalk and the asphalt.
> Q. After she fell did you see any –
> A. No.
> Q. – rough spot over there?
> A. I didn't pay any attention or anything, I was concerned about her.

The Plaintiff is unable to establish both the existence of a dangerous condition and causation between a dangerous condition and the Decedent's fall.

---

[1] The Defendant's photographs depict a curb that tapers from right to left across the front of the parking space. The curb is a typical height on the right tapering down until the elevations of the curb and asphalt are flush on the left side of the parking space, presumably to accommodate wheelchair traffic.
[2] Plaintiff also relies on a series of photocopied photographs that are unclear.

Even if the Plaintiff was able to establish the requisite condition and causation elements, his claim nonetheless fails due to the lack of evidence that the Defendant created, knew or should have known of a dangerous condition. *Compare Imperial Palace*, 147 So. 3d at 32 (affirming summary judgment for defendant even when plaintiff who tripped on misaligned parking bumper, presented some evidence that defendant knew bumpers sometimes became misaligned, because the defendant failed to present any of evidence that "defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it") *with Drennan v. Kroger Co.*, 672 So. 2d 1168, 1172 (Miss. 1996) (reversing directed verdict for defendant where plaintiff who fell on puddle in a store produced evidence "demonstrating that store should have been aware from past conditions, occurrences, and stains on the ceiling that the area above aisle four leaked in periods of heavy rain").

In the instant case, the Plaintiff has not *alleged* actual or constructive knowledge of the Defendant, nor has the Plaintiff presented any evidence that the Defendant's negligence created a dangerous condition. Because the Plaintiff has failed to establish the existence of several elements essential to his case, summary judgment is warranted in the Defendant's favor. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

*Conclusion*

Although the Plaintiff alleges that a dangerous condition in the Defendant's parking lot caused the Decedent's fall, the Plaintiff has failed to bring forth sufficient evidence demonstrating "that there is a genuine issue for trial." *Id*. at 324, 106 S. Ct. 2548 (citation omitted). There is simply no evidence from which a reasonable jury could conclude that an unreasonably dangerous condition existed, it caused the Decedent's fall, and that the Defendant created, knew, or should have known of its existence. *See Imperial Palace*, 147 So. 3d at 32. For

these reasons, the Court finds that the Plaintiff has failed to make a showing sufficient to establish the existence of several essential elements of his claims. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548. .

Summary judgment is GRANTED in the Defendant's favor on all of the Plaintiff's claims.

**SO ORDERED on this the 20th day of May, 2016.**

    **/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**